**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Data Systems, Inc., a Louisiana corporation,<br><br>   Plaintiff,<br><br>v.<br><br>Dimension Data North America, Inc., a New York company; Mark Zerbe and Wendie Zerbe; Jacqueline Smith; Kathryn Curry and Kevin Curry; and Scott McGlothin and Julie McGlothin,<br><br>   Defendants. | No. CV-06-1255-PHX-HRH<br><br>**SETTLEMENT CONFERENCE ORDER** |

This case has been referred to United States Magistrate Judge Lawrence O. Anderson for a Settlement Conference.

The purpose of the Settlement Conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event a settlement is not reached. To that end, the offer and demand, if any, communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any adverse party absent express consent to do so. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference. All communications and information exchanged in and during the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose and shall not be used for any purpose

outside the Settlement Conference itself.  At the conclusion of the Settlement Conference, all documents submitted and exchanged by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed by the Settlement Judge upon the request of any party.

At the Settlement Conference and subject to modification by the Court depending on the uniqueness of each case, each party, through counsel or individually if unrepresented, may be asked to give a brief presentation outlining the factual and legal highlights of that party's case and/or respond to general and a specific questions by the Settlement Judge.  Thereafter, separate and private caucuses will be held with each party, the party's representative and the Settlement Judge. Complete candor with the Court is not only expected but is required.  *In the Matter of Fee*, 182 Ariz. 597, 898 P.2d 975 (1995).

This Order mandating the parties', corporate representative's and insurer's, if any, physical appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, to meet the litigants themselves and to hear first-hand the candid comments, if any, made by the Settlement Judge about the case or the judicial process.

Years of experience has taught the undersigned that the physical presence, rather than the availability by telephone, of those individuals with the authority to settle cases  substantially increases the likelihood of settlement and leads to more meaningful negotiations.

Consequently, pursuant to the authority granted to the Court in, among others, 28 U.S.C. §473(b)(5) and Rule 16(b), FED.R.CIV.P., the parties and

representatives of the parties with "full and complete authority"[1] to discuss settlement of the case **SHALL** physically appear at the date and time of the Settlement Conference unless expressly excused by the undersigned by timely motion and order issued prior to the subject settlement conference for good cause shown. *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991) (". . . we conclude that the power to direct parties with full settlement authority at pretrial settlement conferences is inherent in the district courts.").

**IT IS ORDERED**:

1. All parties and their counsel who are responsible for the case **SHALL** physically appear before the undersigned Settlement Judge, Courtroom 302, Sandra Day O'Connor U. S. Courthouse, 401 West Washington, Phoenix, Arizona on **Tuesday, September 25, 2007 at 2:00 p.m.** The Court has allocated 1½ hours for the Settlement Conference or longer if meaningful progress is being made towards settlement.

If the Defendant is an insured party, a representative of that party's insurer with full and complete authority to discuss and settle the case **SHALL** physically appear at the aforesaid date and time. An uninsured or self-insured corporate party **SHALL** physically appear at aforesaid Settlement Conference through its authorized representative with full and complete authority to discuss and settle the case. *Pitman v. Brinker International, Inc.*, 216 F.R.D. 481 (D. Ariz. 2003), amended on review in part in *Pitman v. Brinker International, Inc.*, 2003 WL 23353478, 1 (D. Ariz. 2003); *Gee Gee Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001) (District judge acted well within his discretion by imposing a monetary fine payable to the Clerk of the District

---

[1] "Full and complete authority" within this Order means that the individual appearing for, or on behalf of, the Defendant(s) shall have the express authority and discretion to authorize the payment to, or accept the terms of, Plaintiff's last settlement demand. "Full and complete authority" does not mean, however, that Defendant or representative is required to pay such demand or any sum whatsoever. *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir.1985) (Rule 16 "was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise."); *In re Novak*, 932 F.2d at 1406 n. 18.

Court as a sanction for failing to prepare requested memorandum and deciding to send a corporate representative to ADR conference with limited authority.); *Lockhart v. Patel, M.D.*, 115 F.R.D. 44 (E.D.Ky 1987) (In medical malpractice action, answer stricken for failure of insurance representative with authority to settle to appear at settlement conference.).

2. Experience teaches that settlement conferences are often unproductive unless the parties have exchanged settlement demands and compromise offers before the conference and have made a serious effort to settle the case on their own. Accordingly, before arriving at the settlement conference, the parties shall negotiate and make good faith efforts to settle the case without the involvement of the Court. The parties shall exchange written correspondence regarding settlement. The Plaintiff's demand shall be delivered to defense counsel and the insurer's representative, if any, not less than **20 days** before the Settlement Conference. Defendant's response to the demand shall be delivered to Plaintiffs' counsel not less than **12 days** before the Settlement Conference.

3. If a third person or entity asserts a substantial lien on any settlement monies for medical and hospital expenses and/or lost wages paid, such as, a worker's compensation carrier or a health insurance carrier, arrangements shall be made to notify said person or entity of the Settlement Conference so that such person, entity or its authorized representative may appear and participate in the Settlement Conference. Plaintiff's counsel shall promptly provide a true and complete copy of this Order to such person, entity or its authorized representative. A.R.S. §23-1023(c); *Stout v. State Compensation Fund*, 197 Ariz. 238, 3 P.3d 1158 (2000).

4. In the absence of a prior order by the undersigned to the contrary, copies of all Settlement Conference Memoranda shall be exchanged between counsel, at least, **five (5) business days before the Settlement Conference**. Counsel shall provide a copy of all memoranda to their client(s) for review prior to the Settlement Conference and shall

- 4 -

explain the settlement conference procedures to their clients before the Settlement Conference.

Each party shall provide the Court with the original of that party's Settlement Conference Memoranda, **at least, five (5) business days before the Settlement Conference**. The Settlement Conference Memoranda shall **NOT** be filed with the Clerk. The original Settlement Conference Memoranda shall be delivered directly to the chambers of U. S. Magistrate Judge Lawrence O. Anderson or e-mailed to the undersigned's ECF mailbox (anderson_chambers@azd.uscourts.gov).[2]  Each Memorandum shall address the following:

    a.  A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; the damages allegedly and reasonably incurred by Plaintiff and, if appropriate, Counterclaimant and a discussion of the major issues in dispute.

    a.  A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, including the citation to appropriate authorities; the reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A brief summary of the proceedings to date including rulings on motions and motions outstanding, if any.

---

[2] This mailbox is not to be used as a general means of communication to the Court or its staff.

- 5 -

   d. An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

   e. A brief statement of the facts and issues upon which the parties agree and disagree.

   f. Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

   g. The relief sought.

   h. Each party's position on settlement, including the amount that the Plaintiff is currently willing to accept and Defendant(s) is/are willing to offer and the history of past settlement discussions, offers and demands.

   In the absence of any Order by the undersigned to the contrary, each party's Settlement Conference Memoranda shall not exceed seventeen (17) pages exclusive of attachments and shall otherwise comply with LRCiv 7.2, 7.2(a) and 7.1(b)(1), Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2006. No responsive memorandum shall be permitted.

   5. If the Settlement Conference is held, the Court will assume that the parties have agreed to separate meetings (caucuses) with the Settlement Judge. Judicial and lawyer ethical rules prohibit *ex parte* caucuses without such agreement. By appearing at this conference, the Court will deem that the parties have consented to this procedure and waived any objection thereto unless a written Objection is filed not less than three (3) business days before the Settlement Conference.

   6. Absent good cause shown, if any party, counsel or insurer's representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the

1  settlement conference may be vacated and sanctions may be imposed pursuant to Rules
2  16(f) and 37(b)(2)(B)  (C), and (D), Federal Rules of Civil Procedure which may include
3  the entry of default judgment, dismissal of the Complaint and/or an award of reasonable
4  attorney's fees and expenses and/or a finding of contempt. *G. Heileman Brening, Inc. v.*
5  *Joseph Oat Corporation*, 871 F.2d 648 (7th Cir. 1989); *Lockhart v. Patel, M.D., supra.;*
6  *Gee Gee Nick v. Morgan's Foods, Inc., supra*.

7. Counsel and any party, if unrepresented by counsel, shall notify the Court in writing, at least, **ten (10) business days** before the Settlement Conference if one or more of the attorneys or unrepresented parties believes that the Settlement Conference would be a futile act resulting in a waste of time and money, inconsistent with Rule 1, FED.R.CIV.P., because, for example, either side has adopted an unreasonable position from which that party refuses to deviate.  The Court will then consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be canceled or other forms of the alternative dispute resolutions be considered.  If there is disagreement between or among the attorneys or unrepresented parties on this issue or any other issue which warrants vacating the Settlement Conference, they are instructed to arrange a telephonic conference with the Court and all counsel as soon as reasonably practical.  If no such conference is arranged, it will be presumed that all counsel, their clients and any unrepresented party believe that there is a reasonable, good faith opportunity for settlement, and that the involvement of a Settlement Judge is needed to accomplish it.

DATED this 1st day of August, 2007.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge