**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Data Systems, Inc., a Louisiana corporation, ) ) ) | No. CV-06-1255-PHX-HRH |
| Plaintiff, ) ) | **ORDER** |
| vs. ) ) ) | |
| Dimension Data North America, Inc., a New York company; *et al.*, ) ) ) ) | |
| Defendants. ) ) ) | |

This matter arises on the parties' joint letter, dated September 4, 2007, requesting that the Tuesday, September 25, 2007 settlement conference currently scheduled for 2:00 p.m. be reset to 9:30 a.m. on the same date. The parties indicate that party representatives will be traveling from Louisiana and Massachusetts to attend the settlement conference and the parties wish to ensure "they have the benefit of a full day, if necessary, to try and resolve the matter." The parties also request that the Court modify its Settlement Conference Order because of their concern that candid presentations of each side's factual and legal claims or defenses will "create a risk of further polarizing the parties at the outset of the [settlement conference]." The parties also seek another modification of the Settlement Conference Order that they be permitted "to omit from the settlement conference memoranda [the obligation to] exchange 'the amount that the Plaintiff is currently willing to accept and Defendant(s) is/are willing to offer.'" They claim that counsel will include that separate

1 information in the memoranda they submit to the Court which will, obviously, be information
2 different from what is exchanged with adverse counsel.

3 The file reflects that the Complaint in this case was filed on May 5, 2006; the
4 Amended Answer on October 13, 2006. Leave to file the First Amended Complaint was
5 granted on December 14, 2006. Current Rule 16 deadlines include disclosure of the parties'
6 experts by October 5 and November 16, 2007, respectively. All discovery has been ordered
7 to be completed by January 31, 2008. Dispositive motions are due by February 29, 2008.
8 Interrogatories and documents have been submitted and/or produced; depositions have been
9 noticed for early and mid-September, 2007.

10 On May 25, 2007, the parties requested that a magistrate judge be appointed
11 to conduct a settlement conference. After succeeding in the reassignment of the settlement
12 conference to a more convenient Phoenix magistrate judge than the Flagstaff Magistrate
13 Judge, the parties now desire to significantly modify the rules by which the undersigned
14 conducts his settlement conferences. Of course, the Court will reschedule the settlement
15 conference to begin a 9:30 a.m. to accommodate out-of-state parties and/or corporate
16 representatives. However, counsel and the parties must understand that if it becomes clear
17 to the undersigned during the Court's private caucauses with one side or the other that one
18 or both sides are adopting an immovable or unreasonable settlement position or are insistent
19 upon in a belief that this case will be resolved by dispositive motion which dictates the value
20 of the case for settlement purposes, the settlement conference will be vacated. In other words,
21 resetting this matter to 9:30 a.m. is no indication that the settlement conference will go all
22 day without significant progress being made towards settlement. Lunch will be taken at 12:00
23 noon.

24 Seventeen years as a trial judge and nearly a like number of years as a trial
25 lawyer has instructed that once a lawsuit has been filed, especially one like this case with
26 allegations of the commission of intentional torts, allegations supporting an award of punitive
27
28

- 2 -

damages based upon an "evil mind"[1] and mutual requests for awards of reasonable attorneys' fees to the prevailing party, the parties have now entered the "real world" of litigation where there will be a winner and a loser and one's life-savings and professional reputation are at risk. A federal lawsuit is not like poker game where the card hands are not disclosed to all remaining players until the end of the game. In the litigation realm if all facts are disclosed as required, an experienced and neutral lawyer or judicial officer may discern whether a party likely has a meritorious claim or defense or whether a genuine dispute over the facts exists for jury resolution. It is naive to believe that at this stage of the litigation, avoidance of a lawyer's or settlement judge's candid words and arguments may offend the sensitivities of businessmen and professionals and will more likely lead to an early voluntary resolution of this case. It is the lawyers' candid words and arguments, surely to be expressed without restraint to a trial judge or jury at a later time absent a settlement, that will give the parties the real sense of this case and the risks associated with continued litigation. In fact, if all the cards (facts and arguments) are placed on the table, the opposite is more likely. It is the actual use of a litigator's candid words and arguments, made orally or contained within the non-filed settlement conference memoranda, supported by the evidence or reasonable inferences from the evidence, which paint his view of his client's perception of the true picture of "coming attractions" that will directly deliver to the parties the impact and realization that some other person (trial judge) or group of persons (jury) will resolve this case one way or the other if the parties do not voluntarily do so themselves. There should be no "pulling punches" within, of course, the bounds of legal ethics and professionalism why each lawyer believes that his or her client will prevail at trial. Thus, the Court does not agree with the

---

[1] Under Arizona law, punitive damages are awarded only "in the most egregious of cases, where there is reprehensible conduct combined with an evil mind over and above that required for commission of a tort . . ." *Linthicum v. Nationwide Ins. Co.*, 150 Ariz. 326, 332, 723 P.2d, 675, 681 (1985); *Newman v. Sun Valley Crushing Co.*, 173 Ariz. 456, 461, 844 P.2d 623, 628 (Ariz. App. 1992) ("While the necessary 'evil mind' may be inferred, it is still this 'evil mind' in addition to outwardly aggravated, outrageous, malicious, or fraudulent conduct which is required for punitive damages.")).

- 3 -

1  request that there should be separate memoranda with separate information or dollar figures
2  shared with only the settlement conference judge. The settlement conference memoranda
3  must, as ordered, be read by all adverse counsel and parties prior to the settlement
4  conference. Full and candid disclosure is the spirit upon which the federal rules of discovery
5  are predicated to determine the truth and the predicate upon which undersigned's settlement
6  conferences are held.

7  If the parties desire to mediate their differences through privately-paid
8  mediators wherein the parties may dictate the rules of mediation, the Settlement Conference
9  Order gives them that option if exercised in a timely fashion.

10  Accordingly,

11  **IT IS ORDERED** that the parties informal request to modify the start time of
12  the settlement conference is **GRANTED**. The Tuesday, September 25, 2007 settlement
13  conference is hereby reset to **9:30 a.m.** Arizona time. All other informal requests for
14  modification of the Settlement Conference Order are **DENIED**. Except for the time, all other
15  orders contained in August 2, 2007 Settlement Conference Order is hereby **AFFIRMED**.

16  DATED this 4th day of September, 2007.

Lawrence O. Anderson
United States Magistrate Judge